Winthrop Brian Hedrick, Esq. (SBN 321183)
Hedrick Law, P.C.
P.O. Box 1080
Windsor, CA 95492
Telephone: (916) 296-5343
Email: brian@hedricklawpc.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| Eromonsele Emmanuel OGBEBOR<br><br>Petitioner,<br><br>v.<br><br>Joshua JOHNSON, Warden of Desert View Annex, Adelanto ICE Processing Center; Thomas GILES, Field Office Director of Immigration and Customs Enforcement, Los Angeles Field Office; David VENTURELLA, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Todd W. BLANCHE, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>Respondents. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>A# 234-975-591 |

## INTRODUCTION

1. Petitioner Eromonsele Emmanuel Ogbebor ("Petitioner") is in the physical custody of Respondents at the Desert View Annex, Adelanto ICE Processing Center in Adelanto, CA. He now faces unlawful detention because the Respondents, Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR), have subjected Petitioner to detention without a pre-deprivation hearing and since being detained, Respondents have not provided Petitioner with a bond hearing.

2. On Thursday, October 16, 2026, ICE arrested and detained Petitioner without prior notice or a hearing.

3. Petitioner was not given a pre-deprivation hearing prior to his unlawful detention.

4. DHS has denied Petitioner release from immigration custody and has not provided him a bond hearing.

5. Petitioner's detention on these bases violates the plain language of the Immigration and Nationality Act ("INA") §§ 237(a)(1)(B) and 236(a).

6. Accordingly, Petitioner seeks a writ of habeas corpus requiring that he be released immediately.

## JURISDICTION

7. Petitioner is in the physical custody of Respondents. Petitioner is currently detained at the Desert View Annex, Adelanto ICE Processing Center in Adelanto, CA.

8. This Court has jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

9. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

10. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Central District of California, the judicial district in which Petitioner currently is detained.

## REQUIREMENTS OF 28 U.S.C. § 2243

11. The Court must grant the petition for writ of habeas corpus or order Respondents to show cause "forthwith," unless the Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, Respondents must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

12. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## PARTIES

13. Petitioner is alleged to be a citizen of Nigeria who has been in immigration detention since he was unlawfully detained on or about October 16, 2026. Petitioner was arrested by Respondents in or around 2900 E. Airport Drive, Ontario, CA 91761.

14. Respondent Joshua Johnson is the Warden of Desert View Annex, Adelanto ICE Processing Center and employed by Geo Group, Inc., where Petitioner is currently detained. He has immediate physical custody of Petitioner. He is being sued in his official capacity.

15. Respondent Thomas Giles is the Field Office Director of Immigration and Customs Enforcement, Los Angeles Field Office. As such, Thomas Giles is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal. He is being sued in his official capacity.

16. Respondent David Venturella is the Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security. As such, David Venturella is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal. He is being sued in his official capacity.

17. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security. He is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Mr. Mullin has ultimate custodial authority over Petitioner and is being sued in his official capacity.

18. Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

19. Respondent Tood W. Blanche is the Attorney General of the United States. He is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. He is being sued in his official capacity.

20. Respondent Executive Office for Immigration Review (EOIR) is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations or bond hearings.

**STATEMENT OF FACTS**

21. Petitioner is currently in the physical custody of Respondents at the Desert View Annex, Adelanto ICE Processing Center.

22. Petitioner has resided in the United States since 2019, when he last entered the United States on a B-1/B-2 nonimmigrant visa.

23. Petitioner fears returning to Nigeria and is lawfully seeking asylum in the United States.

24. Petitioner submitted an I-589, Application for Asylum on or about September 2, 2024, to USCIS.

25. Petitioner has not been accruing unlawful presence since submitting his bonafide I-589 application.

26. Petitioner has complied with all biometric appointment requirements for his pending asylum case and obtained his work authorization while he awaits his asylum interview.

27. Since his entry into the United States as a minor, Petitioner has built a life in this country through studying, developing friendships, and working lawfully.

28. Petitioner received his undergraduate degree from UC Santa Cruz in 2026.

29. Petitioner is currently pursuing his master's degree from California State University, San Bernadino and is enrolled in classes this semester.

30. Petitioner is currently working as a dishwasher at the university dining hall where he makes approximately $18.00 an hour.

31. Petitioner has never been arrested, charged, nor convicted of a crime in the U.S., Nigeria, nor any country in the world.

32. On or about October 16, 2026, Petitioner was unlawfully detained by Respondents in or around Ontario International Airport in Ontario, California.

33. Petitioner was not provided an arrest warrant nor any notice prior to his unlawful arrest and detention.

34. Petitioner is currently in the custody of Respondents.

35. Petitioner was served with a Notice to Appear on October 22, 2026 (six days after being unlawfully detained).

36. Petitioner has not been given a bond amount nor a bond hearing.

37. Petitioner is neither a flight risk nor a danger to his community.

38. Petitioner's detention continues to serve no legitimate government purpose and constitutes an unlawful deprivation of Petitioner's liberty.

39. As a result, Petitioner remains unlawfully detained and without immediate relief from this Court, he faces indefinite detention while his awaits a decision on his asylum application, while missing classes, missing work, and being separated from his family and community, without any trace of due process.

## LEGAL FRAMEWORK

40. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment- from government custody, detention, or other forms pf physical restraint – lies at the heart of the liberty that the clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

41. The INA prescribes the forms of detention concerning noncitizens in removal proceedings. Individuals in 8 U.S.C. § 1226(a) detention are generally entitled to a bond hearing at the outset of their detention, *see* 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention, *see* 8 U.S.C. § 1226(c).

42. This case concerns the detention provisions at 8 U.S.C. § 1227(a)(1)(B) and 8 U.S.C. § 1226(a).

43. Under 8 U.S.C. § 1227(a), any alien who is in and admitted to the United States shall be removed if the alien is within one or more classes of deportable aliens and is present in the United States in violation of any law of the United States.

44. Under 8 U.S.C. § 1226(a), "a detainee may request a bond hearing before an [immigration judge] at any time before a removal order becomes final." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

45. The Supreme Court recognizes that "[h]abeas is at its core a remedy for unlawful executive detention" and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").

46. Accordingly, the detention provisions of § 1227(a)(1)(B) and § 1226(a) apply to Petitioner.

## CLAIMS FOR RELIEF

## COUNT I

### Due Process Violation under the 5th Amendment of the U.S. Constitution

### (Substantive Due Process and Procedural Due Process)

47. Petitioner repeats and re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

48. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

49. Petitioner has a fundamental interest in liberty and being free from official restraint.

50. Where a noncitizen has been detained for a prolonged period or is pursuing a substantial defense to removal or claim for relief, due process requires an individualized determination that such a significant deprivation of liberty is warranted. *Demore v. Kim*, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring) ("[I]ndividualized determination as to his risk of flight and dangerousness" may be warranted "if the continued detention became unreasonable or unjustified"); *see also Jackson v. Indiana*, 406 U.S. 715, 733 (1972) (holding that detention beyond the "initial commitment" requires additional safeguards).

51. Petitioner was unlawfully detained without prior notice or a pre-deprivation hearing.

52. Petitioner remains unlawfully detained as he has not been provided a bond, a bond hearing, nor custody re-determination hearing by Respondents. Petitioner has been seeking

asylum from Nigeria and currently has a bonafide application for asylum pending with USCIS. As he awaits adjudication on the asylum application that he submitted in 2024, Petitioner has obtained his undergraduate degree from UC Santa Cruz and is pursuing his master's degree this semester at California State University, San Bernadino.

53. The government's detention of Petitioner without a bond hearing to determine whether he is a flight risk or a danger to the community violates his right to due process.

54. Petitioner has not been given any constitutionally adequate bond hearing since he was unlawfully detained more than a week ago.

55. Moreover, Petitioner's detention is punitive as it bears no "reasonable relation" to any legitimate government purpose. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (finding immigration detention is civil and thus ostensibly "nonpunitive in purpose and effect").

56. Petitioner has been lawfully working as a dishwasher at the university dining hall this semester as he pursues his master's degree in biomedicine, with plans to become a business owner. His unlawful detention is punishment for allegedly overstaying his visa and bears no reasonable relation to a legitimate government purpose because Petitioner has been lawfully pursuing asylum with USCIS since 2024.

57. Thus, Petitioner should be released immediately as his unlawful detention is in violation of his Fifth Amendment Due Process rights.

## <u>COUNT II</u>

### Violation of 8 U.S.C. § 1226(a)

58. Petitioner repeats and re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

59. Under 8 U.S.C. § 1226(a), "a detainee may request a bond hearing before an [immigration judge] at any time before a removal order becomes final." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

60. Petitioner has not been given a bond amount nor a bond hearing by Respondents.

61. Petitioner's detention continues to serve no legitimate government purpose and constitutes an unlawful deprivation of Petitioner's liberty without a bond hearing.

62. Thus, Petitioner should be released immediately as his unlawful detention is in violation of 8 U.S.C. § 1226(a).

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Order that Petitioner shall not be transferred outside the Central District of California while this habeas petition is pending;

c. Issue an Order to Show Cause ordering Respondents to show cause why Petitioner's Writ of Habeas Corpus should not be granted within three days;

d. Issue an Order requiring that Respondents to immediately release Petitioner from custody;

e. Enjoin Respondents from re-detaining Petitioner or placing any restraints on Petitioner's freedom, unless a pre-deprivation hearing takes places before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk;

f. Declare the Petitioner's detention is unlawful;

g. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

h. Grant any other and further relief that this Court deems just and proper.

DATED this 26th of October 2026.

/s/Winthrop Brian Hedrick

*Attorney for Petitioner*

**VERIFICATION PURSUANT TO 28 U.S.C. 2242**

I am submitting this verification on behalf of the Petitioner because I am Petitioner's attorney. I have discussed with Petitioner, Eromonsele Emmanuel Ogbebor, the events described in the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Based on those discussions, I hereby verify that the factual statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Executed on this October 26, 2026, in Windsor, CA. /s/Winthrop Brian Hedrick

Attorney for Petitioner

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I filed the foregoing petition for Writ of Habeas Corpus electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

Dated: October 26, 2026 /s/Winthrop Brian Hedrick

Attorney for Petitioner