**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EROMONSELE EMMANUEL OGBEBOR,<br>Petitioner,<br>v.<br>JOSHUA JOHNSON, et al.,<br>Respondents. | Case No. 5:26-cv-06320-SK<br>**ORDER DISMISSING IN PART AND GRANTING IN PART HABEAS PETITION**<br>A File No. 234-975-591 |

In accordance with the court's October 27, 2026 order staying this petition pending a bond hearing before an immigration judge, petitioner was ordered released from the Adelanto detention facility on November 16, 2026 on bond with conditions of release. He then paid the bond and was released two days later. As a result, to the extent that the petition seeks petitioner's release from detention, it is now moot.

As one of the conditions of his release, a GPS ankle-monitor was installed and a 75-mile travel restriction imposed. Those conditions will not permit petitioner to complete his schooling. As a result, petitioner's response to the court's order to show cause is construed as an amendment to the petition seeking removal of those conditions. So construed, the petition is granted in part.

* * *

The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed as moot to the extent that it seeks petitioner's release from ICE detention. The petition is, however, granted in limited part to the extent that it seeks removal of the GPS ankle-monitor and associated 75-mile travel restriction. **Respondents are thus ORDERED upon receipt of this order to remove the GPS ankle-monitor condition and to lift the 75-mile travel restriction**.

IT IS SO ORDERED.

DATED: November 24, 2026

STEVE KIM
United States Magistrate Judge